PATRICK MEEHAN and Another v. PHILIP ZEH and Another.

June 21, 1899.

Nos. 11,621—(189).

## Mechanic's Lien—Real Estate in Red Lake County—Statement Filed in Polk County.

Findings of fact,—among others material to the case,—in an action brought to enforce a materialman's lien, that the real estate in question is in Red Lake county, that the lien statement was filed in the office of

the register of deeds for Polk county, and, further, that at the time of the filing of the said notice of lien the said county of Red Lake had been recently erected out of territory formerly situate in said county of Polk, and was not fully organized for the reception of instruments for record, will not support a conclusion of law that the lien claimants are entitled to a lien upon such real property.

## Organization of New County—Governor's Proclamation—G. S. 1894, § 629.

Under the provisions of G. S. 1894, § 629, upon the issuance of the proclamation of the governor declaring that a proposition to create a new county out of territory to be detached from one or more counties already organized has been adopted, the new county becomes and is one of the duly-organized counties of the state; but the territory of the same, for judicial purposes and for the enforcement of criminal laws, belongs to and is a part of the territory of the old until the officers for the new county have duly qualified. The new county is not a part of the old, nor is any portion of it attached to the parent county, for any other purposes than such as are expressly specified, as above stated.

## Filing of Lien Statement.

The premises in question were situated in Polk county when the material was furnished, but they were in the newly-created county of Red Lake upon the issuance of the proclamation, December 24, 1896. The newly-elected register of deeds for the county last named did not qualify in office until the evening of January 6 following. The lien statement was filed in the office of the register of deeds for Polk county on the morning of that day. The 90 days within which the lien claimant could have filed his statement did not expire until several days subsequent to January 6. *Held*, that the filing of the lien statement in Polk county was of no validity.

Action in the district court for Red Lake county to enforce a materialman's lien for $600.31. The case was tried before Ives, J., who found in favor of plaintiffs. From an order, Watts, J., granting a motion for a new trial, plaintiffs appealed. Affirmed.

*Henry W. Lee*, for appellants.

*Chas. E. Boughton* and *R. J. Montague*, for respondents.

COLLINS, J.[1]

Action to enforce a materialman's lien upon real property. On

[1] MITCHELL, J., absent, took no part.

findings of fact, the trial court ordered judgment as demanded in the complaint, and subsequently defendants' motion for a new trial was granted.

The court found that the premises in question were in the county of Red Lake; that on January 6, 1897, a lien statement or notice was filed in the office of the register of deeds for the county of Polk; and, further,

"That at the time of the filing of the said notice of lien the said county of Red Lake had been recently erected out of territory formerly situate in said county of Polk, and was not fully organized for the reception of instruments for record."

There was nothing further which explained this finding, or which tended to aid or support the conclusion of law that plaintiffs were entitled to a lien upon premises situated in Red Lake county, although no lien statement had ever been filed therein. G. S. 1894, § 6236, requires that this lien statement shall be filed in the office of the register of deeds in and for the county in which the premises charged with the lien are situated, within 90 days from the time of furnishing the last item of labor or material. Even if it were the law, as argued by plaintiffs' counsel, that, until the newly-elected register of deeds for Red Lake county had duly qualified, that county remained a part of the territory of the parent county, Polk, this finding was insufficient to warrant the conclusion of law referred to; for it was simply that the county in which the defendants' real property was situate was not fully organized on January 6, 1897, the day the statement was filed, "for the reception of instruments for record,"—a mere conclusion. The facts in respect to the qualification in office of the register of deeds should have been found, and from these facts it would have appeared whether or not the office of the register of deeds for Red Lake county was in a condition for the proper transaction of business.

But the law is not as contended for. Red Lake county was created out of territory which had theretofore been a part of the county of Polk, in the manner prescribed by G. S. 1894, § 621 et seq. The proclamation of the governor was issued on December 24, 1896, by which it was declared that the proposition to create the new county had been adopted. By section 629 the effect of this procla-

77 M.—5

mation was to fully create the county of Red Lake, and thereupon it became one of the duly-organized counties of the state. It is expressly provided, however, in this section, that the territory of the new county

"For judicial purposes and the enforcement of the laws against crime shall be deemed to belong to and be the territory of the county from which the same was detached until the officers of such new county have been elected, appointed and qualified as hereinafter provided."

Here we find that, while the new county becomes one of the counties of the state on the issuance of the governor's proclamation, the legislature has, ex industria, provided that for certain specified purposes it remains a part of the parent county until it is supplied with duly elected and qualified officers. There is no provision that for any other purpose—such, for instance, as the recording of deeds and other instruments—the territory of the new county shall continue to be a part of the old pending the election and qualification of its officers. This is perhaps a case of unintentional omission by the legislature, but it is clear that the lien statement in question could not have been lawfully filed in Polk county subsequent to the day upon which the proclamation was issued. To language so plain and explicit as is that which we have quoted, the maxim, "expressio unius," etc., is peculiarly applicable and pertinent. When the lawmakers expressly provided that, for the purposes specially mentioned the territory of the new county was to be deemed a part of the old, every other purpose was excluded; and, until the register of deeds was elected and had qualified, there was no office in which instruments pertaining to real estate situate in Red Lake county could be recorded legally.

It is perhaps well for us to call attention to the fact that the period of 90 days within which plaintiffs could have filed their lien statement did not expire until several days after the same could have been filed with the duly-qualified register of deeds for Red Lake county. It might be, in a case where the issuance of the proclamation deprived a lien claimant of the full statutory period prescribed for filing his claim, that, under the construction now given to the language used in section 629, we should have to hold

that by it the obligation of a contract was impaired (the right to have 90 days in which to file a lien statement), and, therefore, that the provision as to the effect of the proclamation is unconstitutional. But we have no such case, and do not decide the question. The act of filing relied on was of no validity.

Counsel for appellants also contends that, in any event, his clients were entitled to a personal judgment against defendants for the amount due. Here, again, the findings of fact are insufficient. None are found which will authorize such a judgment.

Order affirmed.

