CREAMERY PACKAGE MANUFACTURING COMPANY v. JOSEPH TAGLEY and Another.[1]

December 4, 1903.

Nos. 13,701—(174).

**Conditional Sale.**

Laws 1897, c. 292, § 18, relating to the filing of conditional sale contracts, construed, and *held* that such contracts must be filed in the town, village, or city where the vendee resides at the time of the making of the contract, although he may reside elsewhere at the time of the filing thereof.

Appeal by defendants from an order of the district court for Polk county, Grindeland, J., denying a motion for a new trial. Affirmed.

*A. A. Miller,* for appellants.

*Benjamin C. Taylor,* for respondent.

START, C. J.

Action for conversion of a creamery outfit. The trial court made findings of fact in favor of the plaintiff, and as a conclusion of law directed judgment in its favor and against the defendants for the sum of $428.95 and interest, being the amount due to it upon a conditional sale contract. The defendants appealed from an order denying their motion for a new trial.

The undisputed facts are substantially these: The plaintiff, on April 10, 1902, was the owner of the personal property in question, and on that day made a conditional sale thereof to Peter E. Lauby, who then resided in the township of Grove Park, this state. The contract of sale was in writing, wherein it was expressly stipulated that the title to the property was to remain in the vendor until the purchase price

---

[1] Reported in 97 N. W. 412.

thereof was paid according to the terms of the contract.   On June 28, 1902, the plaintiff filed its contract with the town clerk of Grove Park. Intervening the making of the contract and the filing of it, and on June 11, 1902, the village of·Mentor, which was theretofore a part of the town of Grove Park, was duly incorporated as a village, and at that time it was detached from the town, and has since had no political connection therewith.   Ever since the incorporation of the village the vendee has been a resident thereof.   On July 1, 1902, he executed a chattel mortgage on the property to the defendants to secure the payment of $1,500, which was filed in the office of the. recorder of the village on the day of its date.   The mortgagor made default, and the defendants took possession of the property, sold it, and applied the proceeds thereof in payment of the mortgage debt.

These facts present the question whether the plaintiff's contract was filed in the proper office before the defendants took their mortgage.   If it was, the decision and order of the trial court are correct; otherwise they are erroneous.   The question involves the construction of the statute relating to the filing of conditional sale contracts (Laws 1897, p. 543, c. 292, § 18), which reads as follows:

> "Every such note or other evidence of indebtedness or contract or copy thereof shall be filed in the office of the township clerk, village recorder, city clerk, or other officer in whose custody the records of the city or village are kept, of the town, city or village where the vendee resides at the time of the making thereof or in case the vendee is not a resident of this state then the same shall be filed in the office· of the town clerk, village recorder or city clerk where the property is situate."

The meaning of this statute lies so clearly upon its face there is no room for construction.   We construe the statute as it reads, and hold that the contract must be filed in the town, city, or village "where the vendee resides at the time of the making thereof," not where he resides at the time of the filing thereof, as counsel for the defendants would construe the statute.   It is urged that this construction is unreasonable, because it imposes upon a party purchasing or taking a lien on personal property situate in the village the burden of examining the records of both the village and the town.   This does not render the construction

unreasonable, for the fact that the village was originally a part of the town made it necessary in all cases for prudent subsequent purchasers or mortgagees of personal property within the village to examine the records in the town as well as in the village, because instruments properly filed in the town did not cease to be constructive notice as soon as the village was incorporated. They continued to be such notice for the time limited by statute. In this case, if the contract had been filed at any time before the village was incorporated, there could be no question, as counsel practically concedes, but that it would have been properly filed, and would have continued to be constructive notice after the incorporation of the village. While the contract was not filed before the village was organized, it was filed in the town where the vendee resided at the time of the making thereof before the defendants took their mortgage. We accordingly, hold that the contract was filed in the proper office, and that the defendants had constructive notice thereof.

The case of Meehan v. Zeh, 77 Minn. 63, 79 N. W. 655, cited by defendants, is not in point, for that case involved the filing of a mechanic's lien statement, and the statute (G. S. 1894, § 6236), there construed, was essentially different from the one we have considered in this case.

Order affirmed.